UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIC LAVERRIERE )   05 - 11404 PBS
   Plaintiff )
 )
v. )    **COMPLAINT**
 )    **and jury trial demand**
JORGE ORTA, THOMAS FLEMING, )
ELIZABETH FLEMING, DANIELLE )
MARTIN, MICHAEL MAHER and )
ANTONIO MELE individually and in )
their official capacities as police officers )
of the City of Waltham, Massachusetts )
and the CITY OF WALTHAM, )
MASSACHUSETTS )
   Defendants )

RECEIPT # 65355
AMOUNT $250
MAGISTRATE JUDGE ____ SUMMONS ISSUED Yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 7/5/05

## Introduction

1. In this civil rights complaint the plaintiff sets forth the constitutional right to be free from seizure by the government when an individual drinks alcohol on private property – even if he becomes intoxicated – so long as he causes no public disturbance. In short, the plaintiff proposes the existence of a constitutional right to be drunk in private, a privacy and liberty right founded in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiff suggests that the Massachusetts Protective Custody Law, M.G.L. c. 111B § 8, as applied under the circumstances of this case, violates this constitutional right. This complaint further alleges that the defendant police officers' seizure of the plaintiff pursuant to this statute

and his detention in a locked cell constituted violations of his right to privacy and liberty and constituted a wrongful seizure in violation of the Fourth and Fifth Amendments to the United States Constitution. Further, this complaint alleges the defendant officers took the plaintiff into custody only after he attempted to videotape their abusive conduct and that such conduct violated his rights under the First Amendment to the United States Constitution.

## Jurisdiction

2. This action arises under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1343. The plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims.

## Parties

3. The plaintiff Eric Laverierre is an adult, twenty-five year old resident of Biddeford, Maine.

4. The defendants Jorge Orta, Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher and Antonio Mele are officers employed by the Waltham, Massachusetts Police Department. They are named individually and in their official capacities.

5.  The defendant City of Waltham, Massachusetts is a municipal corporation located in Middlesex County, Massachusetts.

### Factual allegations

6.  Mr. Laverriere was attending a New Years Eve party at the home of a friend in Waltham, Massachusetts on the evening of December 31, 2004.

7.  Mr. Laverriere was drinking beer that evening, but was far from being intoxicated.

8.  Mr. Laverriere was an invited guest at the party. The party host was aware Mr. Laverriere and other guests were drinking and such drinking was with the full permission of the host. Mr. Laverriere, who lives in Maine, was welcome to remain at the house overnight.

9.  At some point before 3:00 a.m. on January 1, 2005, Waltham Police officers, including the defendant officers, forced their way into the home without permission and loudly demanded to know who had thrown a bottle at a police cruiser from the house's porch. When everybody present denied knowing anything about the incident, the officers became profane and abusive.

10. Mr. Laverriere, concerned about the officers' apparently out-of-control conduct, began recording them on a digital camera. The defendant Officer Orta became incensed at this videotaping, wrested the camera from Mr.

Laverriere and threw it to the floor, causing it to malfunction. Officer Orta then grabbed Mr. Laverriere's arm and yanked it, yelling that he was placing Mr. Laverriere in custody. The officer shoved Mr. Laverriere to the floor and placed handcuffs on him. The officer claims he determined that Mr. Laverriere was intoxicated. He was taken from the house and placed in a police cruiser.

11. The other defendant officers observed and assisted in the above conduct.

12. The owner of the home did not request or desire that Mr. Laverriere leave the property.

13. Although Mr. Laverriere had consumed several beers over the course of the evening, he was not intoxicated. He spoke clearly without slurring his words. He walked without stumbling. He exhibited no signs of intoxication.

14. Further, there was no evidence that Mr. Laverriere presented any danger of causing physical harm to himself or others or that he was likely to damage property as a result of his having consumed alcohol.

15. Mr. Laverriere was not disorderly in a public place, as all events at issue took place in a private home and did not extend into any public place. Mr. Laverriere was not disorderly within the confines of the house.

16. There was no evidence that Mr. Laverriere, or any other person present in the home for that matter, had even been aware of the bottle throwing

incident, much less that any person present had been responsible for it. Waltham police made no arrests of any person in the home related to the bottle-throwing incident, or for any other reason.

17. The officers knew that Mr. Laverriere did not intend to operate a motor vehicle. Mr. Laverriere did not present any danger of driving after drinking that evening, as he had no car at the party and planned to spend the night as a guest at the house. Several other party guests from out of state remained at the house that night.

18. Mr. Laverriere was driven to the Waltham Police Department, where he was booked and then placed in a cell. At the booking, Mr. Laverriere complained of pain in his shoulder. He was not administered a breathalyzer test, nor did the police perform any sort of field sobriety test, or other examination, to determine whether Mr. Laverriere was intoxicated.

19. The booking was recorded on videotape, as is done routinely by the Waltham Police Department. Mr. Laverriere displayed no sign of intoxication. His speech was clear. He stood easily. He walked well, with no signs of stumbling.

20. Mr. Laverriere was detained in a jail cell until noon, at which time the pain in his shoulder was severe enough that emergency medical technicians were called by police. He was released to be driven to a hospital.

21. Mr. Laverriere was never charged with any crime. The defendants claim they detained him pursuant to the Massachusetts Protective Custody Law, M.G.L. c. 111B § 8, which permits police to detain persons who are incapacitated by alcohol in a public place to be transported to their home, to a detoxification facility or to a police station.

22. At all times relevant to this action the defendants were acting under color of state law.

23. The Waltham Police Department had a policy and practice of utilizing the Massachusetts Protective Custody Statute to take persons they believed to be intoxicated into custody from private residences.

24. The Waltham Police Department failed to train its police officers in the constitutionally proper application of the Massachusetts Protective Custody Statute.

**COUNT ONE**
**FOURTEENTH AMENDMENT PRIVACY**
**AND DUE PROCESS VIOLATIONS**
**42 U.S.C. § 1983 claim**

The plaintiff repeats and realleges the foregoing.

25. Within the personal privacy and liberty rights of the Due Process Clause of the Fourteenth Amendment is the right to consume alcoholic beverages,

even if intoxication results, in a non-public place in a manner that does not interfere with public order or place oneself in danger.

26. Whether or not Mr. Laverriere was intoxicated on the night in question, his right to consume alcohol in a non-public place and in a manner that caused no public disturbance was protected by the Fourteenth Amendment.

27. The Massachusetts Protective Custody Law, M.G.L. c. 111B § 8, as applied to Mr. Laverriere as described above, interfered with his constitutionally protected liberty interest to consume and be affected by that alcohol. To the extent that statute is applied to interfere with the imbibing of alcohol in a non-public place and in a manner that causes no interference or harm to the public or property or oneself, the statute violates the liberty interests protected by the Fourteenth Amendment.

28. The defendants violated Mr. Laverriere's Fourteenth Amendment right to consume alcohol in private by the actions described above, in violation of 42 U.S.C. § 1983.

## COUNT TWO
## FOURTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983 claim

The plaintiff repeats and realleges the foregoing.

29. The defendants did not have probable cause to believe Mr. Laverriere was incapacitated, as defined by the Massachusetts Protective Custody Law.

30. By taking Mr. Laverriere into custody and holding him in a jail cell, as described above, the defendants violated his Fourth Amendment right to be free from unlawful seizure and confinement, in violation of 42 U.S.C. § 1983.

31. Even if the defendants had probable cause to believe Mr. Laverriere was incapacitated, the statute did not and constitutionally could not authorize them to remove Mr. Laverriere from private premises where he was welcome to remain. By doing so the defendants violated his Fourth Amendment right to be free from unlawful seizure and confinement, in violation of 42 U.S.C. § 1983.

### COUNT THREE
### FIFTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983 claim

The plaintiff repeats and realleges the foregoing.

32. The defendants did not have probable cause to believe Mr. Laverriere was incapacitated, as defined by the Massachusetts Protective Custody Law.

33. By taking Mr. Laverriere into custody and holding him in a jail cell, as described above, the defendants violated his Fifth Amendment right not be deprived of his liberty without due process of law, in violation of 42 U.S.C. § 1983.

34. Even if the defendants had probable cause to believe Mr. Laverriere was incapacitated, the statute did not and constitutionally could not authorize them to remove Mr. Laverriere from private premises where he was welcome to remain. By doing so the defendants violated his Fifth Amendment right not be deprived of his liberty without due process of law, in violation of 42 U.S.C. § 1983.

### COUNT FOUR
### FIRST AMENDMENT VIOLATION
### 42 U.S.C. § 1983 claim

The plaintiff repeats and realleges the foregoing.

35. The defendants observed Mr. Laverriere recording their conduct.

36. Mr. Laverriere recorded the defendants because he believed their conduct was out of control and improper and he wished to document this improper conduct by public officials.

37. Mr. Laverriere's right to record police conduct was protected by the First Amendment to the United States Constitution.

38. The defendants took Mr. Laverriere into custody in retaliation for his exercise of his First Amendment right to record their wrongful conduct.

39. Other persons present at the house had consumed far more alcohol than had Mr. Laverriere. Officers noted that most persons in the house appeared to be intoxicated and that some persons had passed out. None of those persons

who had not attempted to videotape the officers' conduct was taken into custody. In fact, Mr. Laverriere was the only person taken into custody.

40. Such action violated Mr. Laverriere's rights as protected by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

## COUNT FIVE
## MASSACHUSETTS CIVIL RIGHTS ACT VIOLATION
### M.G. L. c. 11 § § 12 claim

The plaintiff repeats and realleges the foregoing.

41. The above actions by the defendants violated Mr. Laverriere's rights as protected by the following articles of the Massachusetts Declaration of Rights: article I, as amended by art. CVI of the Amendments to the Massachusetts Constitution; and articles X, XII, XIV, and XVI, as amended by art. LXXVII of the Amendments.

42. Such violations were conducted by means of threats, intimidation and coercion.

43. Such conduct violated Mr. Laverriere's rights as protected by M.G.L. c. 11 §§ 11 and 12.

44. As a result of all of the above conduct, Mr. Laverriere's rights were violated, he was seized and locked in a jail cell, he suffered physical and emotional injuries and he was otherwise harmed.

45. Wherefore, Mr. Laverriere demands judgment against the defendants as follows:

   a. a declaratory judgment holding that the Massachusetts Protective Custody Act, M.G.L. c. 111B § 8, as applied and described above, violated Mr. Laverriere's constitutional right to consume alcoholic beverages in private, regardless of whether he became intoxicated;

   b. a declaratory judgment that the conduct of the defendants described above violated Mr. Laverriere's rights as protected by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and article I of the Massachusetts Declaration of Rights, as amended by art. CVI of the Amendments to the Massachusetts Constitution, and articles X, XII, XIV, and XVI, as amended by art. LXXVII of the Amendments, of the Massachusetts Declaration of Rights;

   c. an award of compensatory damages;

   d. an award of punitive damages against the individual defendants;

   e. an award of attorneys fees and costs pursuant to 42 U.S.C. § 1988;

   f. an award of prejudgment interest, and

   g. such other relief as the Court deems just.

**Jury demand** – The plaintiff demands a jury trial.

                                        Respectfully submitted,
                                        Eric Laverriere, plaintiff,
                                        By his attorneys,

                                        _____
                                        Harvey A. Schwartz
                                        BBO # 448080
                                        Laurie A. Frankl
                                        BBO # 647181
                                        Rodgers, Powers and Schwartz
                                        18 Tremont Street, Suite 500
                                        Boston, MA 02108
                                        617-742-7010

Dated:       July 5, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Eric Laverriere v. Jorge Orta, et. al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
   YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Harvey A. Schwartz
ADDRESS  Rodgers, Powers & Schwartz, 18 Tremont St., Boston MA 02108
TELEPHONE NO. (617) 742-7010

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eric Laverriere

**DEFENDANTS**
Jorge Orta, Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher, Antonio Mele, City of Waltham, MA

(b) County of Residence of First Listed Plaintiff   (Maine)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Harvey A. Schwartz, Rodgers, Powers & Schwartz LLP, 18 Tremont St., Boston MA 02108 (617) 742-7010 BBO #884040

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
|  |  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil rights wrongful arrest, 42 USC s. 1983 claim
Brief description of cause:
Defendants wrongfully took plaintiff into custody under Massachusetts Protective Custody law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: July 5, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[Print]