## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ERIC LAVERRIERE,** ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **C.A. NO.: 05-11404PBS** |
| ) | |
| **JORGE ORTA, et al** ) | |
| **Defendants** ) | |

## DEFENDANTS JORGE ORTA, THOMAS FLEMING, ELIZABETH FLEMING, DANIELLE MARTIN, MICHAEL MAHER, and ANTONIO MELE'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Now comes the Defendants Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher and Antonio Mele's, answer to the plaintiff's complaint as follows:

### INTRODUCTION

1.    Paragraph one of the complaint is introductory and, as a preliminary statement, does not

require a response.  To the extent that paragraph one of the complaint contains any facts

or advances any allegations, defendants deny same.

### JURISDICTION

2.    Paragraph two of the complaint is a jurisdictional statement that does not require a

response.  To the extent that paragraph two of the complaint contains any facts or

advances any allegations, defendant's deny same.

1

**PARTIES**

3.    The defendants are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph three of the complaint.

4.    Defendants Jorge Orta, Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher and Antonio Mele admit that at relevant times the individual defendants were employed by the Waltham, Massachusetts Police Department.

5.    The defendants admit the allegations of paragraph five of the complaint.

6.    The defendants admit that Mr. Laverriere was in Waltham on the evening of December 31, 2004 but are without sufficient knowledge to either admit or deny the remaining allegations of paragraph six of the complaint.

7.    The defendants admit that Mr. Laverriere had been drinking alcoholic beverages but are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph seven of the complaint.

8.    The defendants are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph eight of the complaint.

9.    The defendants admit that Waltham police officers were admitted to 45 Lyman Street, Waltham at approximately 2:45 a.m. to investigate a marked cruiser being struck by a bottle, but deny the remaining allegations contained within paragraph nine of the complaint.

10.    The defendants admit Officer Orta place Mr. Laverriere in protective custody and hand cuffed Mr. Laverriere who was removed from the premises and placed in a cruiser, but deny the remaining allegations contained within paragraph ten of the complaint.

2

11.    The defendants deny the allegations contained within paragraph eleven of the complaint.

12.    The defendants are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph twelve of the complaint.

13.    The defendants deny the allegations contained within paragraph thirteen of the complaint.

14.    The defendants deny the allegations contained within paragraph fourteen of the complaint.

15.    The defendants are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph fifteen of the complaint.

16.    The defendants Waltham police made no arrest of any person in the home, but deny the remaining allegations  contained within paragraph sixteen of the complaint.

17.    The defendants deny the allegations contained within paragraph seventeen of the complaint.

18.    The defendants admit Mr. Laverriere was taken to the Waltham Police Department, booked, and placed into a cell, that he complained of a sore shoulder, and that Mr. Laverriere never requested a breathalyzer test, but deny the remaining allegations contained within paragraph eighteen of the complaint.

19.    The defendants admit Mr. Laverriere's booking was recorded on videotape but deny the remaining allegations contained within paragraph nineteen of the complaint.

20.    The defendants admit Mr. Laverriere was held until approximately noon when he requested medical treatment, which was summoned by police and he was released for transport to the hospital, but deny the remaining allegations contained within paragraph twenty of the complaint.

3

21.    The defendants admit Mr. Laverriere was never charged with any crime for his actions on January 1, 2005 and that he was held pursuant to G.L. c.111B but deny the remaining allegations contained within paragraph twenty-one of the complaint.

22.    The defendants admit the facts allegations contained within paragraph twenty-two of the complaint.

23.    The defendants deny the facts or allegations contained within paragraph twenty-three of the complaint.

24.    The defendants deny the facts or allegations contained within paragraph twenty-four of the complaint.

**COUNT ONE**
**FOURTEENTH AMENDMENT PRIVACY**
**AND DUE PROCESS VIOLATIONS**
**42 U.S.C. §1983 claim**

25.    The defendants deny the facts or allegations contained within paragraph twenty-five of the complaint.

26.    The defendants deny the facts or allegations contained within paragraph twenty-six of the complaint.

27.    The defendants deny the facts or allegations contained within paragraph twenty-seven of the complaint.

28.    The defendants deny the facts or allegations contained within paragraph twenty-eight of the complaint.

**COUNT TWO**
**FOURTH AMENDMENT VIOLATION**
**42 U.S.C. § 1893 claim**

29.    The defendants deny the facts or allegations contained within paragraph twenty-nine of the complaint.

30.    The defendants deny the facts or allegations contained within paragraph thirty of the complaint.

31.    The defendants deny the facts or allegations contained within paragraph thirty-one of the complaint.

## COUNT THREE
## FIFTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983 claim

32.    The defendants deny the facts or allegations contained within paragraph thirty-two of the complaint.

33.    The defendants deny the facts or allegations contained within paragraph thirty-three of the complaint.

34.    The defendants deny the facts or allegations contained within paragraph thirty-four of the complaint.

## COUNT FOUR
## FIRST AMENDMENT VIOLATION
### 42 U.S.C. § 1983 claim

35    The defendants deny the facts or allegations contained within paragraph thirty-five of the complaint.

36.    The defendants are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-six of the complaint.

37.    The defendants are without sufficient knowledge either to admit or to deny the facts or allegations contained within paragraph thirty-seven of the complaint.

38.    The defendants deny the allegations contained within paragraph thirty-eight of the
       complaint.

39.    The defendants admit that all persons at the house appeared intoxicated and some had
       passed out and that Mr. Laverriere was the only one taken into protective custody, but
       deny the remaining allegations contained in paragraph thirty-nine of the complaint.

40.    The defendants deny the facts or allegations contained within paragraph forty of the
       complaint.

**COUNT FIVE**
**MASSACHUSETTS CIVIL RIGHTS ACT VIOLATION**
**M.G.L. c.11 § § 12 claim**

41.    The defendants deny the allegations contained within paragraph forty-one of the
       complaint.

42.    The defendants deny the allegations contained within paragraph forty-two of the
       complaint.

43.    The defendants deny the allegations contained within paragraph forty-three of the
       complaint.

44.    The defendants deny the allegations contained within paragraph forty-four of the
       complaint.

45.    Paragraph forty-five of the complaint  does not require a response.  To the extent that
       paragraph two of the complaint contains any facts or advances any allegations,
       defendants' deny same.

**First Affirmative Defense**

The plaintiff fails to state a claim upon which relief can be granted.

6

## Second Affirmative Defense

The plaintiff has failed to join a party necessary to the determination of the constitutionality of a state statute.

## Third Affirmative Defense

The defendants are immune under G.L. c.111B, §13.

## Fourth Affirmative Defense

The plaintiff consented to the actions of the defendants.

## Fifth Affirmative Defense

The actions of the defendants were justified.

## Sixth Affirmative Defense

The defendants acted out of necessity.

## Seventh Affirmative Defense

The defendants acted in good faith and with probable cause.

## Eighth Affirmative Defense

The defendants have qualified immunity.

## Ninth Affirmative Defense

The defendants are immune from suit.

## Tenth Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

## Eleventh Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiffs' own negligence so that any recovery should be reduced in proportion to that negligence.

## Twelfth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiffs' own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE**, Defendants Jorge Orta, Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher and Antonio Mele requests that this Honorable Court enter judgment in their favor and award them their costs.

## DEFENDANTS JOGRE ORTA, THOMAS FLEMING, ELIZABETH FLEMING, DANIELLE MARTIN, MICHAEL MAHER and ANTONIO MELE DEMAND A TRIAL BY JURY ON ALL ISSUES.

Jorge Orta, Thomas Fleming, Elizabeth Fleming,
Danielle Martin, Michael Maher and Antonio Mele
By their attorney,

/s/ Austin M. Joyce

_____

Austin M. Joyce
BBO # 255040
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285