UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC LAVERRIERE )<br>    Plaintiff )<br>)<br>v.            )<br>)<br>JORGE ORTA, THOMAS FLEMING, )<br>ELIZABETH FLEMING, DANIELLE )<br>MARTIN, MICHAEL MAHER and )<br>ANTONIO MELE individually and in )<br>their official capacities as police officers )<br>of the City of Waltham, Massachusetts )<br>and the CITY OF WALTHAM, )<br>MASSACHUSETTS )<br>    Defendants ) | C.A. No. 05-11404-PBS |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT CITY OF WALTHAM'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

The defendant City of Waltham has moved to dismiss the complaint against it for two reasons: (1) that the statute at issue, the Massachusetts Protective Custody Act, G.L. c. 111B § 8, permits officers to take intoxicated persons into custody for their own protection and (2) that the city is protected by qualified immunity. The Court should deny this motion for two straightforward reasons: (1) the complaint, which must be accepted as true at this stage, alleges that the plaintiff was not intoxicated when he was taken into custody and thus that the officers did not comply with the statutory requirements, and, (2) municipalities, such as the City of Waltham,. simply do not qualify for qualified immunity.

## Legal standard

It is axiomatic that in reviewing a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) the Court "must accept as true the factual allegations of the complaint, construe all reasonable inferences therefrom in favor of the plaintiffs, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory of the case." *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). *See Edes v. Verizon Communs.*, 417 F.3d 133, 137 n.4 (1st Cir. 2005).

## Facts

Applying that standard, the relevant facts include the following:

1. The plaintiff, Eric Laverriere was attending a New Years Eve party at the home of a friend in Waltham, Massachusetts on the evening of December 31, 2004. Complaint ¶ 6.

2. Mr. Laverriere was drinking beer that evening, but was far from being intoxicated. Complaint ¶ 7. Mr. Laverriere was not intoxicated, nor did he appear to be intoxicated. He spoke clearly without slurring his words. He walked without stumbling. He exhibited no signs of intoxication. Complaint ¶ 13. There was no evidence that Mr. Laverriere presented any danger of causing physical harm to himself or others or that he was likely to damage property as a result of his having consumed alcohol. Complaint ¶ 14. Mr.

      Laverriere was not disorderly. Complaint ¶ 15. The officers knew that Mr. Laverriere did not intend to operate a motor vehicle. Complaint ¶ 17.

3. Mr. Laverriere, who lives in Maine, was welcome to remain at the house overnight. Complaint ¶ 8.

4. Waltham Police officers forced their way into the home without permission and loudly demanded to know who had thrown a bottle at a police cruiser from the house's porch. When everybody present denied knowing anything about the incident, the officers became profane and abusive. Complaint ¶ 9. Mr. Laverriere, concerned about the officers' apparently out-of-control conduct, began recording them on a digital camera. Complaint ¶ 10.

5. The defendant Officer Jorge Orta claims he determined that Mr. Laverriere was intoxicated and took him into custody pursuant to the protective custody statute. Complaint ¶ 10.

6. The Waltham Police Department had a policy and practice of utilizing the Massachusetts Protective Custody Statute to take persons they believed to be intoxicated into custody from private residences. Complaint ¶ 23.

7. The Waltham Police Department failed to train its police officers in the constitutionally proper application of the Massachusetts Protective Custody Statute. Complaint ¶ 24.

**Discussion**

**1.      The City of Waltham is not protected by qualified immunity.**

The defendant City of Waltham is not protected by qualified immunity. That doctrine applies only to individuals, not to political entities, such as a city. "Municipalities cannot assert qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622, 650, 63 L. Ed. 2d 673, 100 S. Ct. 1398 (1980)." *Wilson v. City of Boston,* 2005 U.S. App. LEXIS 18847, *39 (1st Cir. Aug. 25, 2005). *See Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 64 (1st Cir. 2004)("municipalities do not enjoy qualified immunity.") In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), the Supreme Court noted its decision in *Owen* as clearly establishing that municipalities may not claim qualified immunity.

> [i]n *Owen v. City of Independence*, 445 U.S. 622, 650, 63 L. Ed. 2d 673, 100 S. Ct. 1398 (1980), we rejected a claim that municipalities should be afforded qualified immunity, much like that afforded individual officials, based on the good faith of their agents. These decisions make it quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit -- either absolute or qualified -- under § 1983.

*Leatherman*, 507 U.S. at 166. Regardless of whether the constitutional rights at issue were clearly established, in fact, regardless of any of the recognized standards for determining qualified immunity, the defendant City of Waltham, as a municipality, is not entitled to assert a defense of qualified immunity.

**2.     The defendant ignores the facts stated in the complaint – specifically that the plaintiff was not intoxicated – in arguing that the statute explicitly permits officers to take an intoxicated person into custody.**

The City of Waltham says its officers were entitled "to ensure that an incapacitated individual may be protected, through confinement if necessary, from the risk of injuring himself or others or of causing property damage." Waltham Memorandum at p. 5. That may proposition may or may not pass constitutional scrutiny. At this stage of this case, however, the proposition is irrelevant. The complaint alleges that the police failed to comply with the standards of the statute because Mr. Laverriere was not intoxicated. The complaint specifically alleges that Mr. Laverriere "was far from being intoxicated," Complaint ¶ 7; that "he was not intoxicated," Complaint ¶ 13; that he was not in "any danger of causing physical harm to himself or others" nor "that he was likely to damage property as a result of his having consumed alcohol," Complaint ¶ 14; that he was "not disorderly," Complaint ¶ 15; that he did not have and did not intend to operate a motor vehicle, Complaint ¶ 17, and that he was welcome to spend the night at the apartment from which he was taken, Complaint ¶ 8. All those allegations must be accepted as true, at the stage of a motion to dismiss.

With the facts in such a state, the City simply cannot assert that its officers acted within the confines of the Massachusetts statute. The statute does not authorize officers to detain a person who is neither intoxicated nor a threat to

himself or others. There can be no sound argument made for the proposition that police may enter a private residence, select a person who is not intoxicated, who is not presenting a danger to anybody, who is not disturbing the public order, and who is not committing any crime, and drag that person off in handcuffs and confine him for twelve hours without being charged with any offense. Perhaps a jury will find that these allegations of the complaint cannot be supported, but at the stage of a motion to dismiss, where the allegations of the complaint must be accepted by the court, dismissal is improper[1].

## Conclusion

The City of Waltham's Motion to Dismiss should be denied. The doctrine of qualified immunity applies only to individuals, not to political bodies such as the city. The city is not permitted to assert a defense of qualified immunity. The question of whether the officers acted in conformity with the statute at issue will have to be determined by a jury. At the present stage of the case, the Court must accept the allegations of the complaint. Those allegations allege conduct that,

---

[1] The City's motion also ignores that the city's liability is founded on the allegations of Paragraphs 23 and 24 that the Waltham Police Department had a policy and practice of utilizing the Massachusetts Protective Custody Statute to take persons they believed to be intoxicated into custody from private residences, and that the Waltham Police Department failed to train its police officers in the constitutionally proper application of the Massachusetts Protective Custody Statute. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694(1978)(municipality is liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."

regardless of how the statute is interpreted, state clear violations of the plaintiff's rights. The city's motion to dismiss should be denied.

          Respectfully submitted,
          Eric Laverriere, plaintiff,
          By his attorneys,

          /s/ Harvey A. Schwartz
          Harvey A. Schwartz
          BBO # 448080
          Laurie A. Frankl
          BBO # 647181
          Rodgers, Powers and Schwartz, LLP
          18 Tremont Street, Suite 500
          Boston, MA 02108
          617-742-7010

Dated:       September 26, 2005