*United States District Court*
*District of Massachusetts*

05-114-4PBS

| | |
|---|---|
| **Eric Laverriere** | ] |
|     **Plaintiff** | ] |
| | ] |
| **v.** | ] |
| | ] |
| **Jorge Orta, Thomas Flemming,** | ] |
| **Elizabeth Flemming, Danielle** | ] |
| **Martin, Michael Maher and** | ] |
| **Antonio Mele individually and** | ] |
| **in their official capacities as police** | ] |
| **Officers of the City of Waltham,** | ] |
| **Massachusetts and the City of** | ] |
| **Waltham, Massachusetts** | ] |
|     **Defendants** | ] |

## Answer of Defendant, City of Waltham
## With Jury Demand

1. The statements contained in the five sentences of paragraph 1 contain conclusions of law. To the extent that a response is required this Defendant denies these allegations.

2. The statements contained in paragraph 2 contain conclusions of law. To the extent that a response is required this Defendant denies these allegations.

3. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

4. Admit.

5. Admit.

1

6. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

7. The Defendant admits so much of this paragraph that alleges Mr. Laverriere was drinking that night but denies the remaining allegations of this paragraph.

8. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

9. Denied.

10. The Defendant is without sufficient knowledge to admit or deny the allegations contained in the first sentence of this paragraph and calls upon the Plaintiff to prove the same. The Defendant denies the remaining allegations of this paragraph.

11.  Denied.

12.  The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

13. Denied.

14. Denied.

15. Denied.

16.  Denied.

17. Denied.

18. Denied.

19. The Defendant admits that the Plaintiff was recorded on video but denies the remainder of this paragraph and calls upon the Plaintiff to prove the same.

20. Denied.

21. The Defendant admits the first sentence of this paragraph but denies the remaining sentence.

22. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

23. Denied.

24. Denied.

## COUNT ONE

25. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

26. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

27. Denied

28. Denied.

## COUNT TWO

29. Denied.

30. Denied.

31. Denied.

## COUNT THREE

32. Denied.

33. Denied.

34. Denied.

## COUNT FOUR

35. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

36. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

37. Denied.

38. Denied.

39. The Defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

40. Denied.

## COUNT FIVE

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. To the extent that the averments in this paragraph require a response this Defendant denies any of the alleged requests and urges this Court to deny the same.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Defendant answering states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant, City of Waltham.

### Second Affirmative Defense

The Defendant answering says that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Third Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by a person or entity over which the Defendant, City of Waltham, has no responsibility or control.

Fourth Affirmative Defense

The Defendant answering states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant, City of Waltham, or its employees and agents.

Fifth Affirmative Defense

The Defendant answering states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

Sixth Affirmative Defense

The Defendant answering states that the Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City of Waltham and the violation of the Plaintiff's constitutional rights.

Seventh Affirmative Defense

The Defendant answering states that at all times relevant hereto, the City of Waltham acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

<u>Eighth Affirmative Defense</u>

The Defendant, City of Waltham, states that it is a municipality against which punitive damages may not be assessed.

<u>Ninth Affirmative Defense</u>

By way of affirmative defense, this Defendant states that M. G. L. C. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

<u>Tenth affirmative Defense</u>

By way of affirmative defense, the Defendant states that M. G. L. C. 258 § 10(b) bars claims against public employees based upon their performance or failure to perform discretionary functions within the scope of their employment.

<u>Eleventh Affirmative Defense</u>

The Defendant states that at the time of the alleged incident, the Plaintiff was engaged in conduct for which he could have been charged with multiple violations of law, which contributed, to his injuries.

<u>Twelfth Affirmative Defense</u>

The Defendant states that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

Thirteenth Affirmative Defense

The Defendant states that the Plaintiff has failed to allege conduct comprising threats, intimidation, and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

Fourteenth Affirmative Defense

The Defendant states that the Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that this Defendant deprived him of any constitutional rights.

Fifteen Affirmative Defense

The Defendant states that the claim arising out of the subject matter of the occurrences alleged are barred as the named Defendants were carrying out law enforcement functions in good faith.

Sixteenth Affirmative Defense

The Defendant denies all of the Plaintiff's allegations of wrongful conduct and states that its employees were at all relevant times public employees acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

Seventeenth Affirmative Defense

The Defendant denies that the actions and conduct of the other named Defendants, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and enjoyed qualified immunity from suit and liability.

### Eighteenth Affirmative Defense

The Defendant denies that the actions and conducts of any Defendants violated any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

### Nineteenth Affirmative defense

The Defendants are immune from liability pursuant to M. G. L. c. 258, § 2.

### Twentieth Affirmative Defense

The Defendant denies that the actions of the other named Defendant were, extreme, outrageous, or intolerable in a civilized society.

### Twenty-First Affirmative Defense

The Defendant denies that the enforcement of the Protective Custody statute was without probable cause.

### Twenty-Second Affirmative Defense

The Defendant denies that the confinement of the Plaintiff was unjustified.

### Twenty-third Affirmative Defense

The Defendant further states that the Defendants are not liable in any civil action under the provisions of M.G.L. c. 111B § 13.

This Defendant further states that the action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith.

**Defendant City of Waltham hereby demands a trial by jury on all counts, causes of action, and defenses raised.**

                              The Defendant
                              City of Waltham
                              By its attorney,

                              /s/ Luke Stanton
                              _____
                              Luke Stanton, Esq.
                              BBO#548619
                              City of Waltham
                              Law Department
                              119 School Street
                              Waltham, MA 02451
                              (781) 314-3330

LS:litigation:Lavierre v. Waltham