UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC LAVERRIERE,<br>    Plaintiff,<br><br>v.<br><br>JORGE ORTA, THOMAS FLEMING,<br>ELIZABETH FLEMING, DANIELLE<br>MARTIN, MICHAEL MAHER and<br>ANTONIO MELE, individually and in<br>their official capacities as police officers<br>of the City of Waltham, Massachusetts<br>and the CITY OF WALTHAM,<br>MASSACHUSETTS,<br>    Defendants. | :<br>:<br>:<br>:  C.A. No. 05-11404-PBS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MOTION FOR LEAVE TO DEPOSE FOLLOWING
THE CLOSE OF DISCOVERY**

Now come the Defendants, Jorge Orta, Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher and Antonio Mele, individually and in their official capacities as police officers of the City of Waltham, Massachusetts, as well as the City of Waltham, Massachusetts (hereinafter referred to as "the Defendants"), and respectfully request that this Court grant leave for the undersigned counsel to undertake the following two discovery tasks:

    (A)    to conclude the deposition of the Plaintiff, begun on June 26, 2006 and suspended at that time with the assent of counsel for the Plaintiff; and,

    (B)    to take the deposition of Mr. Jake Laverriere, a percipient witness to the incident underlying this litigation and believed to have a broad base of informational knowledge with respect to other aspects of this litigation, including the Plaintiff's alleged damages. As will be discussed, prior to the recent decision of this Court to deny the joint motion to extend fact

-1-

discovery, the scheduling of this deposition was coordinated amongst counsel and the witness and was scheduled to take place on October 18, 2006.

In support of this request, the Defendants state as follows:

1. This litigation, advanced against six individual law enforcement officers in both their individual and official capacities, as well as a municipal Defendant, alleges sundry civil rights violations, under both federal and state theories of liability, arising out of the Plaintiff having been placed into protective custody by the Waltham Police Department on January 1, 2005.

2. Factually, the incident giving rise to this lawsuit took place during a New Year's Eve party beginning on December 31, 2004 and extending into the early morning hours of January 1, 2005 at a residence in Waltham, Massachusetts. Discovery has revealed that there were approximately two dozen or more persons attending this assemblage, which came complete with a hearty supply of beer, various kinds of hard liquor, drinking games and an ice luge by which the party patrons could partake in the festivities.

3. Police personnel arrived on scene after a marked cruiser driven by Officer Elizabeth Fleming was struck by a thrown bottle, believed to come from the residence at which the party was being held because it was the only residence which seemed to have activity at that time of the early morning hours. Officer Elizabeth Fleming, and the other five named individual Defendants, conducted an investigation into that felonious assault and, during the course of that investigative inquiry, the Plaintiff was placed into protective custody. He now brings suit.

4. In this set of circumstances, there are a number of persons who have, or are believed to have, information pertaining to this incident, including the officers on scene, the party patrons as well as other individuals residing or otherwise present in the neighborhood at the time of the

party.

5. Discovery has been complicated due to the fact that a number of the persons present at the party, including the Plaintiff, do not now reside within the Commonwealth of Massachusetts. Moreover, as a resident of Maine, before, at and since the time of the incident, and otherwise having been a resident of Rhode Island during his college years, obtaining the Plaintiff's medical records from out-of-state providers has proven to be a cumbersome process.

6. Notwithstanding these unavoidable hurdles, the parties have engaged diligently in the discovery process. The parties have engaged in a substantial amount of written discovery and document exchange and, for the most part, that process is on the verge of completion.[1]

7. In addition, the depositions of all six individual Defendants have been completed. In fact, in that regard, the parties have agreed to the dismissal of five of the individual Defendants and the stipulation reflecting that agreement now is in the process of being finalized.

8. The depositions of two other percipient witnesses to the incident underlying this litigation also already have been taken and counsel for the Defendants otherwise has conducted an investigative inquiry into the information possessed by a great many other persons associated with this incident in one form or another.

9. The use of releases, subpoenas and keeper of the records depositions have resulted in medical records for three of the Plaintiff's five medical providers being received, with records from one additional provider apparently forthcoming and the final provider waiting for the

---

[1] There are outstanding issues with respect to written discovery, primarily as regarding certain medical records of the Plaintiff, telephonic records of the Plaintiff at the time of the incident and witness statements collected by the Plaintiff prior to the commencement of this litigation.

execution of its form release by the Plaintiff prior to production.

10. Counsel for the individual Defendants noticed and conducted a lengthy deposition examination of the Plaintiff on June 26, 2006, whereupon the deposition was suspended prior to the commencement of questioning by counsel for the municipal Defendant.

11. In June, 2006, the parties filed a joint motion to extend the fact discovery deadline in this matter to and including September 29, 2006, a request that was granted by this Court.

12. In September, 2006, in advance of the expiration of the deadline for fact discovery, the parties again filed a joint motion to extend the fact discovery deadline in order to ensure adequate time to resolve all outstanding discovery issues. That joint motion was denied by this Court on October 3, 2006.

13. Prior to the denial of that joint request, the parties had arranged for the taking of the deposition of Mr. Jake Laverriere, a resident of Maine and a relative of the Plaintiff who was with the Plaintiff for much of the night in question, in southern Maine. That deposition had been scheduled for October 18, 2006. In light of the Court's denial of the joint request, however, that deposition date was cancelled.

14. Presently, the parties continue to follow-up on discovery requests made during the pendency of the discovery phase of this litigation, including requests for the Plaintiff's medical records and the like.

15. This matter also has been scheduled for a mediation with Judge Sorokin on November 3, 2006 and, by way of a separate motion filed with the Court today, the Defendants have requested a deferral of the dispositive motion deadline given that development.

16. At present, the undersigned counsel believe that, beyond follow-up on discovery

requests already made, the only outstanding discovery issues relate to the conclusion of the Plaintiff's deposition and the taking of the deposition of Mr. Jake Laverriere in Maine. Given this Court's denial of the prior motion to extend fact discovery however, judicial authorization is needed in order to conduct and conclude those depositions.

WHEREFORE, the Defendants respectfully request that this Court grant leave for the undersigned counsel to conclude the deposition of the Plaintiff, begun on June 26, 2006 and suspended at that time, and to take the deposition of Mr. Jake Laverriere. It is not anticipated that these depositions will impact adversely the scheduling of this matter for mediation or the dispositive motion deadline of November 30, 2006 proposed by counsel for the Defendants by way of a separate motion filed today with this Court.

| | |
|---|---|
| DEFENDANTS JORGE ORTA, THOMAS FLEMING, ELIZABETH FLEMING, DANIELLE MARTIN, MICHAEL MAHER and ANTONIO MELE, By their attorney, | THE CITY OF WALTHAM, By its attorneys, |
| /s/ Andrew J. Gambaccini<br>Andrew J. Gambaccini<br>BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>508.754.7220 | /s/ Luke Stanton<br>John Cervone, City Solicitor<br>Luke Stanton, Ass. City Solicitor<br>City of Waltham Law Department<br>119 School Street<br>Waltham, MA 02451 |

Dated: October 19, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on October 19, 2006.

                                              /s/ Andrew J. Gambaccini
                                              Andrew J. Gambaccini

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC LAVERRIERE,<br>    Plaintiff,<br><br>v.<br><br>JORGE ORTA, THOMAS FLEMING, ELIZABETH FLEMING, DANIELLE MARTIN, MICHAEL MAHER and ANTONIO MELE, individually and in their official capacities as police officers of the City of Waltham, Massachusetts and the CITY OF WALTHAM, MASSACHUSETTS,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    C.A. No. 05-11404-PBS |

## CERTIFICATE OF COMPLIANCE WITH LR, D.MASS. 7.1

Now comes counsel for Defendants Jorge Orta, Thomas Fleming, Elizabeth Fleming, Danielle Martin, Michael Maher and Antonio Mele, individually and in their official capacities as police officers of the City of Waltham, Massachusetts, and hereby certifies that a good faith attempt to resolve or narrow the issue(s) presented by this Motion For Leave to Depose Following the Close of Discovery has been made pursuant to LR, D.Mass. 7.1.

        /s/ Andrew J. Gambaccini
        Andrew J. Gambaccini
        BBO #: 654690
        REARDON, JOYCE & AKERSON, P.C.
        397 Grove Street
        Worcester, Massachusetts 01605
        508.754.7285